# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ZACHERY T. WHITEHILL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 09-01058-CV-W-NKL |
| ) | Case No. 04-00380-01-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Defendant Zachery T. Whitehill ("Whitehill") petitions this Court for relief pursuant to 28 U.S.C. § 2255 [Doc. # 1]. After consideration, Whitehill's petition will be denied.

## I. Background

In April 2006, a jury convicted Whitehill of conspiracy to commit wire and telemarketing fraud, aiding and abetting wire and telemarketing fraud, aiding and abetting money laundering, and criminal forfeiture for his role in a scheme to defraud individuals with credit problems. On December 18, 2006, this Court sentenced Whitehill to 135 months of incarceration, to be followed by three years of supervised release. The Eighth Circuit affirmed the conviction and sentence on July 10, 2008. Four months later, on November 17, 2008, the United States Supreme Court denied Whitehill's petition for a writ of certiorari. The Supreme Court mailed Whitehill a letter, bearing the November 17, 2008, decision date, to notify him that his petition had been denied.

1

With his direct appeals exhausted, Whitehill reports that he began preparing to file a 28 U.S.C. § 2255 motion in the spring of 2009 when he requested a copy of the case docket from this Court. When Whitehill received the docket sheet, he mistakenly interpreted the final docket entry, December 17, 2008, as the date that the Supreme Court denied his certiorari petition. Rather, December 17, 2008, was the date this Court entered the Supreme Court's denial of certiorari. Although the Supreme Court letter to Whitehill was dated one month earlier, Whitehill claims he instead relied on his misreading of the district court docket as the date his judgment became final.

As Whitehill prepared his section 2255 motion, he sought discovery from this Court in July 2009 and August 2009. Whitehill's preparation was interrupted, however, when he was transferred within the federal prison system, moving from Colorado to South Dakota. Whitehill reports that his property, including his legal files, were packed for shipping on October 8, 2009, and were not provided to him until November 5, 2009. Once settled into his new location, Whitehill tells this Court that his section 2255 motion was further delayed because he needed to find another inmate with experience in filing such motions.

After obtaining his legal materials and finding an inmate to provide legal assistance, Whitehill states that he finally placed his section 2255 petition in the prison mail system on December 14, 2009.[1] This Court must determine (1) whether Whitehill's

---

[1] Although Whitehill has not provided this Court with an affidavit or any other proof to establish that he placed his section 2255 in the prison mail system on December 14, 2009, for purposes of this order the Court will assume without deciding that Whitehill filed his motion on December 14, 2009.

filing was timely, and (2) if not, whether Whitehill may receive the benefit of equitable tolling for his section 2255 motion.

## II. Discussion

### A. Whitehill did not file his 28 U.S.C. § 2255 motion before the statute of limitations expired

Motions filed under section 2255 are subject to a one year statute of limitations. *See* 28 U.S.C. § 2255(f). In Whitehill's case, the limitations period began to run when the Supreme Court denied his petition for a writ of certiorari, which made his conviction final. *Id.* at § 2255(f)(1). Since the Supreme Court denied his petition on November 17, 2008, Whitehill had until November 17, 2009, to file a section 2255 motion. Whitehill, however, admits that he did not place his motion in the prison mail system until December 14, 2009. When Whitehill filed his section 2255 motion, the statute of limitations had expired.

### B. Whitehill should not be granted the benefit of equitable tolling for his untimely filing

Whitehill concedes that he did not file by November 17, 2009, but argues that this Court should apply equitable tolling to his case (1) due to his reliance on the court docket, and (2) due to his lack of access to legal files shortly before the limitation period expired. Equitable tolling may be applied to the statute of limitations governing section 2255 motions if (1) the petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir. 2008).

Turning to the first element, due diligence requires a prisoner to make reasonable efforts to discover the facts supporting his claims. *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002) (cited by *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008)). Whitehill requested the docket sheet in the spring of 2009, sought discovery from this Court in July 2009 and August 2009 in order to prepare his section 2255 motion, and filed his section 2255 motion slightly more than one month after his legal files were returned to him. Thus, Whitehill's activity was reasonable, meeting the first element of the equitable tolling test.

Whitehill does not, however, meet the second element of the equitable tolling test because he has not demonstrated that extraordinary circumstances prevented him from timely filing his section 2255 motion. In a case almost identical to Whitehill's, the Eighth Circuit rejected an equitable tolling argument when the *pro se* petitioner incorrectly relied on a court docket sheet. *See United States v. Bell*, 68 Fed. Appx. 762, 764-65 (8th Cir. 2003). Just like in this case, the docket sheet in *Bell* listed the date the Supreme Court denial of certiorari was entered by the district court, not when it was issued by the Supreme Court. *Id.* at 763-64.

But in rejecting the petitioner's claim, the Eighth Circuit ruled, "Alleged deception perpetuated by a docket sheet is not an extraordinary circumstance when the allegedly deceived party made no effort to have counsel (or even an employee in the Clerk's office) provide him with aid in reading it." *Id.* at 765; *see also United States v. McIntosh*, 332 F.3d 550, 551 (8th Cir. 2003) (agreeing with the district court that equitable tolling should not be granted when the petitioner incorrectly interpreted the district court docket sheet).

Furthermore, the majority of circuits, including the Eighth Circuit, have denied equitable tolling due to an attorney's miscalculation of the filing deadline. *See Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling.").

And while Whitehill claims to have been misled by the district court docket sheet, the Government has produced the Supreme Court letter denying Whitehill's petition for a writ of certiorari, dated November 17, 2008, and addressed to Whitehill at his then-correct address in Colorado. The United States Supreme Court decided in the 19th century that a letter properly addressed and mailed was presumed to have been received by the person to whom it had been addressed. *See Rosenthal v. Walker*, 111 U.S. 185, 193 (1884). In light of the strong precedent governing docket sheets, deadline calculation, and mailed letters, Whitehill cannot receive the benefit of equitable tolling based on his mistaken interpretation of the docket sheet entry.

Whitehill also argues that he should be granted the benefit of equitable tolling because of the circumstances surrounding his transfer from a federal prison in Colorado to a federal prison in South Dakota. Whitehill notes that his legal materials were inaccessible for weeks, and that he had to find a new contact with knowledge of section 2255 motions at the South Dakota prison. These claims, too, must be denied.

In the Eighth Circuit, equitable tolling is not warranted for a *pro se* inmate who claims to lack legal knowledge or legal resources. *Kreutzer*, 231 F.3d at 463. Whitehill's

need for assistance to file his section 2255 motion thus is not considered an extraordinary circumstance.

While the Eighth Circuit has not directly addressed the impact that confiscation of legal materials has on an extraordinary circumstances argument, this circuit has denied an equitable tolling argument when legal materials were inaccessible for much longer than in Whitehill's case. *See Diaz-Diaz v. United States*, 297 Fed. Appx. 574, 576 (8th Cir. 2008). In *Diaz-Diaz*, a petitioner argued that equitable tolling should be granted because he was without his legal materials for more than nine months. *Id.* Despite this inaccessibility, the Eighth Circuit rejected the petitioner's claim because he had not acted diligently to request the return of his legal materials.

Sister circuits also note the importance of diligence. Though it is not binding precedent, the Second Circuit ruled that the petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Under this rule, if the petitioner did not exercise reasonable diligence to file after the extraordinary circumstances began, then extraordinary circumstances did not prevent the petitioner from timely filing. *Id.* And in a case relied upon heavily by Whitehill, the Tenth Circuit granted equitable tolling because the petitioner was deprived of his legal materials until two weeks after the limitation period had expired. *United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008). But also supporting Gabaldon's

argument – and highlighted by the court – was his claim that he had made numerous written and verbal requests to have his legal materials returned. *Id.*

In the instant case, Whitehill has not provided this Court with any proof that he requested that his legal materials be returned, or that his legal materials were returned after the statute of limitations had expired. Although he had almost two full weeks to complete his section 2255 motion, Whitehill has not demonstrated why this was an insufficient amount of time. Rather, Whitehill's argument establishes his belief that the limitation period expired on December 17, 2009; indeed, this erroneous belief led him to file his section 2255 motion on December 14, 2009. With Whitehill's focus on a December deadline, no evidence before this Court suggests that he would have filed his motion a full month earlier, in November, had he not been without his legal materials in October.

Because Whitehill has not provided any proof that he requested his legal materials be returned, and has not demonstrated why he could not complete his section 2255 motion in the two weeks remaining before the statute of limitations expired, Whitehill is not granted the benefit of equitable tolling.

## III. Conclusion

Accordingly, it is hereby ORDERED that Zachery T. Whitehill's 28 U.S.C. § 2255 motion [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey
                                                                    NANETTE K. LAUGHREY
                                                                    United States District Judge

Dated: April 13, 2010
Jefferson City, Missouri